UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. CUSTER, *et al.*,<br><br>　　　　　Defendants. | Case No.: 1:25-cv-00052-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY IN FORMA PAUPERIS STATUS AND REQUIRE PREPAYMENT OF FEES**<br><br>(Doc. 2)<br><br>14-DAY OBJECTION PERIOD<br><br><u>Clerk of the Court to Assign District Judge</u> |

Plaintiff James Carl Kelly is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    INTRODUCTION**

Plaintiff initiated this action by filing a complaint on December 26, 2024.[1] (Doc. 1). That same date, Plaintiff filed a handwritten declaration in support of the complaint, a motion for the appointment of counsel, and a proposed order to show cause for a preliminary injunction and temporary restraining order. (Docs. 2, 3, 4).

In the declaration, Plaintiff asserts he is not a "three-striker" and references a purported finding by the Honorable United States District Judge Jon S. Tigar that Plaintiff "was not a three-

---

[1] This action was initially filed in the Northern District of California (Case No. 4:24-cv-09430) and was transferred to this Court on January 13, 2025. (Doc. 9).

striker … ." (Doc. 2 at 2). As evidenced by Judge Tigar's order that is attached to Plaintiff's declaration, Plaintiff's characterization of the order is incorrect. The order, in fact, is a show cause order signed by Judge Tigar in an earlier action, *James Carl Kelly v. Atenly, et al.*, No. 22-cv-02915-JST ("*JST Action*") in which Judge Tigar ordered Plaintiff to show cause why his request for leave to proceed in forma pauperis should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915(g). (Doc. 2 at 13). Judge Tigar found that Plaintiff had at least three strikes within the meaning of Section 1915(g). (*Id.* at 15). Separately, Plaintiff attaches to his declaration the findings and recommendations in a separate action in this Court, *James Carl Kelly v. Gavin Newsome, et al.*, No. 1:24-cv-01063-SKO ("*SKO* Action"), in which the Honorable Magistrate Judge Sheila K. Oberto recommended that Plaintiff's application to proceed *in forma pauperis* ("IFP") be denied as a three-striker and the "imminent danger" exception did not apply, and Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days. (*Id.* at 8-9); *see* (*SKO Action*, Doc. 7).

Although Plaintiff has not submitted a formal application to proceed IFP in this action, the Court finds one unnecessary for the reasons discussed below.

## II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

Under 28 U.S.C. section 1915, a prisoner may under certain circumstances proceed with the commencement of a civil rights suit without the prepayment of court fees. Relevant here, the statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

This section is commonly referred to as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("*King*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*") (holding that "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the Prison

1  Litigation Reform Act is to further "the congressional goal of reducing frivolous prisoner litigation
2  in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

3  Not all dismissed cases qualify as a strike under section 1915(g). *King*, 398 F.3d at 1121.
4  In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing
5  court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).
6  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed
7  on the ground that they were frivolous, malicious, or failed to state a claim." *King*, 398 F.3d at
8  1116 n.1 (internal quotations omitted).

### III.   DISCUSSION

The Court takes judicial notice[2] of several prior lawsuits filed by Plaintiff in this Court:

1. *Kelly v. Gyorkey*, No. 2:11-cv-02142-WBS-EFB (E.D. Cal.) (dismissed for failure to prosecute and failure to state a claim on August 3, 2012)
2. *Kelly v. Elit,* No. 1:18-cv-00019-DAD-SAB (E.D. Cal.) (dismissed for failure to state a claim on June 25, 2018)
3. *Kelly v. Sao*, No. 1:18-cv-00484-DAD-EPG (E.D. Cal.) (dismissed for failure to state a claim on October 16, 2018)

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff has incurred at least three prior strikes, and each was dismissed prior to the commencement of the current action on December 26, 2024, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1052-53.

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception. Plaintiff alleges his constitutional rights were violated when he was denied access to the law library in Kern Valley State Prison because there were no prison employees available to operate the library for prisoners who need to study. (Doc. 1 at 3).

---

[2] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

This circumstance does not pose an imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1053; *see also Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical"). The complaint is utterly devoid of any allegation that Plaintiff has suffered or reasonably fears suffering imminently any harm. The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff has presented no genuine emergency where time is pressing, nor a threat that is real and proximate.

In sum, the Court finds Plaintiff has suffered three or more strikes and was not under imminent danger of serious physical injury when he filed his complaint in this action. Therefore, Plaintiff should be precluded from proceeding IFP and be directed to pay the filing fee if he wishes to litigate the case. *Andrews*, 493 F.3d at 1052-53.

*Remainder of This Page Intentionally Left Blank*

### IV. ORDER AND RECOMMENDATIONS

For the foregoing reasons, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action and **RECOMMENDS** that:

1. Plaintiff be precluded from proceeding IFP; and
2. Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 14, 2025**

UNITED STATES MAGISTRATE JUDGE